UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| BEVERLY CHESSER, | ) |
| Plaintiff, | ) Civil Action No. 5: 19-081-DCR |
| V. | ) |
| FIFTH THIRD BANK, NATIONAL ASSOCIATION, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Fifth Third Bank National Association ("Fifth Third") has filed a renewed motion *in limine* to preclude Plaintiff Beverly Chesser ("Chesser") from introducing evidence of compensatory damages at trial. [Record No. 54] The Court previously denied the motion, in part, and directed Chesser to "disclose documentation and calculations of any compensatory damages on or before August 28, 2020." [Record No. 44, ("the Order")] Fifth Third argues that Chesser failed to comply with the Order, and that her failure should result in pre-trial exclusion. For the reasons outlined below, the Court will grant the motion, in part.

I.

A.  **Relevant Procedural History and the Parties' Position**

As the Court recounted previously, this dispute concerns a mortgage agreement between Chesser and Fifth Third. Chesser's home was damaged, and her insurer paid a sum of money which was held by Fifth Third, as mortgagee, for the repairs. The parties dispute what the mortgage agreement required regarding the funds. Fifth Third withheld the funds based on its interpretation of the agreements. Chesser interprets the agreement differently and

argues that she was damaged by the delayed transmission. The present motion concerns the admissibility of certain categories of those damages.

Discovery ended November 25, 2019.[1] [Record No. 10] During the discovery period, Chesser claimed the following categories of compensatory damages:[2]

> . . . 2) repair cost of all damages that the home has sustained as a result of 5/3's negligence to dispense the funds; . . .; 5) interest on money held by Fifth Third; 6) All [depreciation] that was not retrieved due to 5/3 holding all monies; 7) all other damages that have and may occur due to unreleased funds by 5/3 Bank; 8) Interest on my saved cash that was used for home items that 5/3 had the money and receipts for totaling $20,000; 9) Punitive damages to be fixed by the Court. [10] All money that has been spent in order to repair credit after credit cards, Lowe's and Capital One purchased could not be met because no funds from State Farm reimbursement of items to be purchased. [11] [The cost of retaining] a Ky law firm in Lexington for $89.89 per month from March of 2019 to help with my credit score.

[Record No. 21-5, p. 9] Except for the eighth item listed, Chesser failed to provide an amount sought for the other categories of damages prior to the close of discovery.

Fifth Third filed its first set of motions *in limine* on April 7, 2020. [Record Nos. 35, 36, 37] On July 14, 2020, the Court granted Fifth Third's motion to exclude evidence of certain categories of compensatory damages, but found that other items were "more amorphous or were not obviously ascertainable within the [discovery period]." [Record No. 44, p. 10] The Court refused to exclude the following five categories of Chesser's damages: (1) depreciation; (2) "damage to Chesser's credit score"; (3) "accumulating harm to the property itself resulting

---

[1] This deadline was imposed by the original Scheduling Order. [Record No. 10] This deadline contemplated a trial date of May 4, 2020. After the discovery deadline had passed, the trial date was continued to September 21, 2020. [Record No. 38]

[2] Chesser also sought the balance of the insurance proceeds withheld but Fifth Third tendered these funds on March 25, 2020. [*See* Record No. 49, Plaintiff's Exhibit 8.] Other categories of damages were excluded in the Court's prior Order. [Record No. 44]

from an inability to afford its repairs (*e.g.*, the repeated damage to floors that was caused by an inability to fix the house's doors)"; (4) "damages relating to debts owed to loan creditors on loans incurred due to the withholding of funds"; and (5) "damages relating to credit card payments, interest on the withheld KFB funds, and interest on money expended by Chesser."[3] [Record No. 44, pp. 10-11] As noted, the "evolving nature" of these categories of damages "strongly weigh[ed] against exclusion." [*Id.* at p. 11]

However, the Court directed Chesser to "disclose documentation and calculations" of her remaining damages claims by August 28, 2020.[4] [*Id.* at p. 20] Chesser tendered trial exhibits on that deadline, which included an insurance adjuster's calculations regarding the damage to her home, a document indicating her current credit score, credit card statements for March through November 2019, and three estimates for hardwood floor repair work. [Record No. 49, Plaintiff's Exhibits 2, 12-14] Fifth Third then renewed its motion *in limine* and filed evidentiary objections on September 4, 2020. [Record Nos. 52, 53, 54] Because this matter is scheduled for a jury trial beginning on September 21, 2020, the Court expedited briefing on the motion. [Record Nos. 38, 58]

Fifth Third argues that Chesser failed to provide sufficient documentation of her compensatory damages in violation of the Order and Rule 26(a) of the Federal Rules of Civil Procedure. [Record No. 54] Specifically, it contends that Chesser "has failed to produce a

---

[3]   The Court also concluded that the "amorphous nature of punitive damages . . . weigh[ed] against exclusion" for failure to provide a computation. [Record No. 44, p. 11] Fifth Third's renewed motion does not seek reconsideration of this conclusion.

[4]   This date coincided with the deadline for the parties' pretrial filings under the Amended Scheduling Order. [Record No. 38]

single calculation of any category of her claimed compensatory damages." [*Id.* at p. 5 (emphasis omitted)] Chesser responds that the "[a]dditional exhibits . . . document[] the amounts of damage sustained by Plaintiff." [Record No. 61, p. 1] She also contends that her compensatory damages are "difficult to calculate." [*Id.*]

### B.     Analysis

A federal court's "inherent authority to manage the course of trials before it" allows it to make *in limine* rulings. *Deere & Co. v. FIMCO Inc.*, 260 F. Supp. 3d 830, 834 (W.D. Ky. 2017) (citing *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984)). But that authority is entirely discretionary, and no party is entitled to an *in limine* ruling. *Scheel v. Harris*, No. CIV.A. 3:11-17-DCR, 2012 WL 3879279, at *4 (E.D. Ky. Sept. 6, 2012). Although blanket exclusions of "broad categories of evidence should rarely be employed," evidence that is clearly inadmissible may properly be excluded prior to trial. *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975). However, as the facts develop at trial, a court has the ability to reconsider its *in limine* rulings at any time. *See United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

Rule 26(a)(1)(A)(iii) of the Federal Rules of Civil Procedure requires a party to disclose "a computation of each category of damages claimed," as well as the "documents or other evidentiary material . . . on which each computation is based." Further, subsection (e) of the same rule imposes a continuing obligation to "supplement or correct [a party's] disclosure or response . . . if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . .; or as ordered by the court." Fed. R. Civ. P. 26(e)(1)(A-B). Rule 37(c)(1) provides for mandatory exclusion of information that should have been disclosed or supplemented, "unless there is a reasonable explanation of why Rule 26 was not complied with

or the mistake was harmless." *Bessemer & Lake Erie R.R. Co. v. Seaway Marine Transp.*, 596 F.3d 357, 370 (6th Cir.2010).

A party seeking damages is required to "identif[y] an amount—either a specific sum or something substantially more precise than [a] range of potential recovery to be gleaned from [her] Complaint and disclosures"—of the compensatory damages she seeks. *Carver v. Petry*, No. 12-CV-131-JMH, 2013 WL 160277, at *1 (E.D. Ky. Jan. 15, 2013). And even in situations where a party cannot precisely explain the method of calculating such damages, an amount is required as part of the "basic information" that "the defendant is entitled to know." *Richardson v. Rock City Mech. Co.*, LLC, No. CV 3-09-0092, 2010 WL 711830, at *2 (M.D. Tenn. Feb. 24, 2010). As another judge in this district reasoned,

> Bringing a case against any defendant requires some amount of responsibility on the part of the Plaintiff, the most basic of which is letting the Defendant know with as much certainty as possible the damages they are to dispute at trial so that the Defendant can develop a defense to all the damages claimed.

*Commonwealth Motorcycles, Inc. v. Ducati N. Am., Inc.*, 2017 WL 3701192, at *4 (E.D. Ky. Aug. 25, 2017). This responsibility requires party to be "in a position to forecast what [she] seek[s] in terms of each damage category" prior to trial, because neither a defendant nor the court is able to determine the "economic scope of [the] case" for her. *Lucas v. Transamerica Life Ins. Co.*, 2011 WL 5148883, at *1 (E.D. Ky. Oct. 21, 2011).

    **A.**    **Damages Related to Chesser's Credit Score, Loans, Credit Card Payments, and Interest**

Chesser has failed to provide an amount for these items of compensatory damages. While her exhibits shed some light on these damage claims, they do not provide a proper calculation for each one. [*See* Record No. 49.] Exhibits 12 and 13, the credit card statements and current credit score, merely corroborate Chesser's claims that she paid interest on her

credit card debt and sought legal assistance to improve her credit score. Had she provided an amount of damages, these documents would have been admissible to support a calculation. But without an identifiable amount of damages sought, the documents only invite speculation. In short, Chesser has not provided evidence of any currently outstanding loan debt, the total amount of interest paid attributable to Fifth Third's misconduct, or an indication of her credit score *prior to* the alleged breach. And even if Chesser testifies to an amount of these damages, Rule 26 requires more than simply taking a party's word for it.[5] [Record No. 61, p. 1]

"[T]he goal of compensation" in a breach of contract action is to award "a sum which is the equivalent of performance of the bargain," and to "attempt to place the plaintiff in the position [s]he would be in if the contract had been fulfilled. *SEG Emp. Credit Union v. Scott*, 554 S.W.2d 402, 406–07 (Ky. Ct. App. 1977). As such, there must be some basis for determining what amount would compensate Chesser, and she has failed to provide a basis for these damages.

### B. Damages Related to Depreciation and Floor Repairs

Chesser will not be prohibited from introducing evidence of these items of damage as trial. Exhibit 14 contains estimates to repair Chesser's hardwood floors and provides a calculation of the damages sought. Although three estimates are included, Chesser explained that she is seeking the highest quoted amount. [Record No. 60] Fifth Third objects that it is unclear which of the three amounts Chesser is seeking. [Record No. 53, p. 6-8] But even if

---

[5] Chesser states in her response that "the lack of credit score resulted in her loss of $10,000.00." [*Id.* at p. 2] The Court has surveyed the record and found no other instance of her relying on this amount, so the undersigned assumes that it was tendered for the first time in Chesser's response. As such, the disclosure is untimely. The Court will not consider it because Chesser has provided no argument for excusing her delay. *See Scheel*, 2012 WL 3879279, at *4.

credit card debt and sought legal assistance to improve her credit score. Had she provided an amount of damages, these documents would have been admissible to support a calculation. But without an identifiable amount of damages sought, the documents only invite speculation. In short, Chesser has not provided evidence of any currently outstanding loan debt, the total amount of interest paid attributable to Fifth Third's misconduct, or an indication of her credit score *prior to* the alleged breach. And even if Chesser testifies to an amount of these damages, Rule 26 requires more than simply taking a party's word for it.[5]  [Record No. 61, p. 1]

"[T]he goal of compensation" in a breach of contract action is to award "a sum which is the equivalent of performance of the bargain," and to "attempt to place the plaintiff in the position [s]he would be in if the contract had been fulfilled. *SEG Emp. Credit Union v. Scott*, 554 S.W.2d 402, 406–07 (Ky. Ct. App. 1977). As such, there must be some basis for determining what amount would compensate Chesser, and she has failed to provide a basis for these damages.

### B.    Damages Related to Depreciation and Floor Repairs

Chesser will not be prohibited from introducing evidence of these items of damage as trial. Exhibit 14 contains estimates to repair Chesser's hardwood floors and provides a calculation of the damages sought. Although three estimates are included, Chesser explained that she is seeking the highest quoted amount. [Record No. 60] Fifth Third objects that it is unclear which of the three amounts Chesser is seeking. [Record No. 53, p. 6-8] But even if

---

[5] Chesser states in her response that "the lack of credit score resulted in her loss of $10,000.00." [*Id.* at p. 2] The Court has surveyed the record and found no other instance of her relying on this amount, so the undersigned assumes that it was tendered for the first time in Chesser's response. As such, the disclosure is untimely. The Court will not consider it because Chesser has provided no argument for excusing her delay. *See Scheel*, 2012 WL 3879279, at *4.

the three estimates were construed as a range of damages sought for the repairs, that would satisfy the requirement that Chesser provide an amount of damages sought. *See Carver*, 2013 WL 160277, at *1 ("the parties and Court should know the range sought and basis for it"). And Fifth Third apparently does not seek exclusion of Chesser's depreciation damages. [*See* Record No. 54, p. 5 n. 3 (acknowledging that Chesser submitted "admissible supporting documentation relating to . . . depreciation damages).] Thus, evidence of these damages may be introduced at trial.

## II.

Previously, the Court gave Chesser an opportunity to bolster her claims. She was directed to provide whatever support she had for her compensatory damages, and she proffered three new documents. Notwithstanding this opportunity, Chesser has failed to provide sufficient evidence upon which a jury could award her damages for credit card payments, loan debts, or damage to her credit score. As such, she will not be allowed to offer evidence of these damages during the upcoming trial. However, Chesser has provided sufficient support for the damages she seeks related to depreciation and the damage to her hardwood floors, should a jury find that she is entitled to such damages.

Accordingly, it is hereby

**ORDERED** that the defendant's renewed motion *in limine* [Record No. 54] is **GRANTED** in part and **DENIED** in part.

- 8 -

Dated: September 15, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky