UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| BEVERLY CHESSER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 19-081-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FIFTH THIRD BANK, | ) | **MEMORANDUM ORDER** |
| NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

It should probably come as no surprise that the parties have been unable to finalize a proposed settlement of this case.

**I.**

Plaintiff Beverley Chesser originally filed this action to collect insurance proceeds that were being held by Defendant Fifth Third Bank National Association ("Fifth Third"), allegedly in violation of the parties' mortgage agreement.  [Record No. 1]  On September 17, 2020, the parties indicated that they had reached a settlement, and the Court directed them to tender an agreed order of dismissal within 30 days.  [Record Nos. 66, 67]  The parties have failed to do so.  In fact, their recent filings indicate that a settlement was not reached.  [*See* Record Nos. 69, 71.]  Accordingly, for the reasons outlined below, this matter will again be set for trial.

**II.**

Each party asks the Court to enforce its version of an alleged settlement agreement.  [Record Nos. 69, 72]  The agreement was purportedly documented in an e-mail exchange between counsel on September 17, 2020.  [Record Nos. 69, 71]  J. Tanner Watkins, counsel

for the defendant, e-mailed William R. Erwin, counsel for the plaintiff, and memorialized a
prior phone call:

> Please allow this email to confirm that we've settled this matter for [an amount
> of money] in exchange for a full settlement agreement and release,
> confidentiality, and non[-]disparagement clause. I will send you the notice of
> settlement this morning, which we will file with the Court. Also, please allow
> this to confirm that the check will be made payable to both you and your client.

[Record No. 69-1, p. 1] Erwin responded, "[t]hat is correct. Thankyou [sic]." [*Id.*] On October
1, 2020, Watkins transmitted a "draft of the proposed settlement agreement" to Erwin. [Record
No. 69-3, p. 3] Erwin promptly rejected the draft. [*Id.*]

On October 12, 2020, the defendant filed a motion to enforce the settlement agreement,
arguing that the terms were as follows: (1) an amount would be paid by Fifth Third jointly to
Chesser and Erwin; (2) Chesser would agree to a full release of her claims against Fifth Third;
(3) Chesser would agree to a confidentiality and non-disparagement clause; and (4) Chesser
and Erwin would each provide a Form W-9 to Fifth Third.[1] [Record No. 69, pp. 1-2] Chesser's
response contends that she did not agree to the non-disparagement and confidentiality clauses,
nor did she agree to provide a Form W-9.[2] [Record Nos. 69-3; 71] She filed a Proposed
Agreed Order of Dismissal, docketed as a motion, which contains only the payment and release
terms. [Record No. 71]

---

[1]      A Form W-9, or a Request for Taxpayer Identification Number and Certification, would
allegedly provide Fifth Third with information required to comply with Internal Revenue
Service reporting requirements. [*See* Record No. 69, p. 5.]

[2]      Erwin indicated that he would be willing to provide his own Form W-9, but Chesser
would not provide hers. [Record No. 69-3] Defense counsel then offered to accept Erwin's
W-9, but only if the settlement payment could be made to Erwin. [*Id.*] Erwin insisted that
payment must be made jointly to him and Chesser. [*Id.*]

"It is well established that courts retain the inherent power to enforce agreements entered into in settlement of litigation pending before them." *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988). Settlement agreements are a type of contract, and issues regarding formation and enforcement are governed by contract law, particularly the law of the state where the agreement was entered. *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992). Under Kentucky law, "[a]n agreement to settle legal claims . . . is valid if it satisfies the requirements associated with contracts generally, *i.e.*, offer and acceptance, full and complete terms, and consideration." *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W. 3d 381, 384 (Ky. Ct. App. 2002).

In their oral communications on September 17, 2020, the parties seemingly reached a basic understanding of what an eventual settlement agreement would look like. Further, "the fact that a compromise agreement is verbal and not yet reduced to writing does not make it any less binding." *Hughes v. DeMoisey*, No. 2010-CA-002093-MR, 2014 WL 2632504, at *5 (Ky. Ct. App. June 13, 2014). However, a court must determine whether "all substantial terms of [the] contract" were agreed to, leaving "nothing left for future settlement" except drafting an agreement. *Dohrman v. Sullivan*, 310 Ky. 463, 467 (1949).

Here, the Court is unable to determine whether that was the case. Watkins documented the parties' understanding in an e-mail to Erwin, but he stated that a "full settlement agreement and release" was forthcoming. [Record No. 69-1] Days later, Watkins transmitted a "draft of the proposed settlement agreement" and sought Erwin's "additional changes or comments." [Record No. 69-3] These ongoing communications undercut the defendant's argument that the parties formed a full and complete agreement on September 17, 2020. *See Schenkel & Schultz, Inc. v. Midwest Cons. Co.*, No. 2006-CA-000149-MR, 2007 WL 2284809, at *2 (Ky.

- 3 -

Ct. App. Aug. 10, 2007) (finding error when a trial court construed an "e-mail as a complete settlement agreement"). And the defendant's own arguments suggest that the e-mail did not embody the full and complete terms of the agreement because they ask the Court to enforce the W-9 term, which was seemingly unknown to Erwin until October 1, 2020. [*See* Record Nos. 69-1, 69-3.] Thus, the Court declines to enforce either party's version of the agreement.

## III.

The defendant has filed two other motions. One requests that the Court strike Chesser's response to the motion for enforcement of the agreement, [Record No. 71], because it "contains settlement information the parties agreed to keep confidential." [Record No. 73] The other asks the Court to substitute one of the defendant's exhibits, which was attached to both its original motion to enforce the settlement agreement and its reply to Chesser's response, with a redacted exhibit. [Record No. 75] The original exhibit disclosed the same confidential settlement information that Chesser included in her response. The proffered exhibit omits the settlement information. [Record No. 75-1]

Although both parties have disclosed the settlement information in their filings, the Court has a general "duty . . . to encourage rather than discourage amicable settlements" by preventing such information from entering the record. *Whitney v. Louisville & N.R. Co.*, 296 Ky. 381, 385 (1944). Whether the amount contained in the parties' communications was merely an offer as opposed to an agreed settlement is irrelevant. *See Green River Elec. Corp. v. Nantz*, 894 S.W.2d 643, 646 (Ky. Ct. App. 1995) (citing Robert G. Lawson, *The Kentucky Evidence Law Handbook* § 2.50 p. 134 (3d ed. 1993)).

## IV.

Accordingly, it is hereby

**ORDERED** as follows:

1.    The defendant's motion to enforce a settlement agreement [Record No. 69] is **DENIED**.

2.    The plaintiff's proposed Agreed Order of Dismissal, construed as a motion [Record No. 72], is **DENIED**.

3.    This matter is **SCHEDULED** for a jury trial on **Tuesday, February 23, 2021**, beginning at the hour of **9:00 a.m.**, at the United States Courthouse in Lexington, Kentucky. Counsel shall be present in Court at **8:30 a.m.**

4.    The parties should not construe the reinstatement of the trial date as a basis for further motion practice. The deadlines previously set by the Court are not being extended by this order.

5.    A **PRETRIAL CONFERENCE** is scheduled for **Thursday, January 14, 2021**, beginning at the hour of **1:00 p.m.**, at the United States Courthouse in Lexington, Kentucky.

6.    The defendant's motion for an extension of time to file an Agreed Order of Dismissal [Record No. 70] is **DENIED**, as moot.

7.    The defendant's motion to strike the plaintiff's response [Record No. 74] is **DENIED**. However, the plaintiff's response [Record No. 71] shall be **SEALED**.

8.    The defendant's motion to substitute a redacted exhibit [Record No. 75] is **GRANTED**.

Dated:  October 16, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky